Anderson, J.,
delivered the opinion of the court.
The court is of opinion that under the statute (chap. 182, § 9, Code of 1873), which authorizes the sale of a judgment debtor’s land to satisfy the judgment only in case the rents and profits thereof will not satisfy the debt and costs in five years, it is entirely competent for the court to ascertain whether they will or not, to cause the same to be offered for rent. The terms of renting, whether the rents shall be payable annually or at shorter periods, must be determined by the court before whom the cause is depending, in the exercise of a sound discretion,.under all the circumstances, as to the character of the property, its locality, and the usage of the country, &c. For some species of property, and in some localities, the rents may be payable monthly, or quarterly, or semi-annually. For other species, or in other localities, the usage may be to pay annually—as land, for instance, which yields its products, for the most part, annually. The statute does not prescribe the terms, and it would not be practicable or judicious to prescribe any inflexible rule.
We think, in general, it would be best to offer the land for rent first for one year, and if it did not rent for enough to pay the debt, then to' offer it for two years, and if it did not yield enough, then to offer it for three years; and so on until it was offered for five years, if necessary to raise enough to pay the debt—and to rent for no longer period than was necessary for that purpose. If it rents for enough to pay the debt in five years or less, then the com *124 missioner should close the contract of renting. If not, he should report the fact to the court, to the end that the cause might be further proceeded with.
We understand the decree in this case as intending to direct and authorize the commissioner to offer the lands for rent for a term of five years, payable semi-annually— first, the mill property; then the sixty acres, and last the one hundred and ten acres; which is favorable to the debtor. It was within the discretion of the court to make the rents payable semi-annually; and there is nothing in the record to show that it abused its discretion. The first to be offered was a mill property, which, unlike the soil yielding its products annually, may be presumed to yield its returns semi-annually, or oftener. And although the rents for the sixty acres and the one hundred and ten acres, should it be necessary to offer them, are made payable semi-annually, the court cannot disturb the decree on that ground, which, upon the whole, as we construe it, is very favorable to the debtor.
But the decree, whilst it expressly authorizes the commissioner to rent the lands, if the rents will pay the debt in five years, probably upon the assumption that the rent for two years would pay the debt, does not prescribe, if they do not, how the lands shall be rented for the remainder of the five years, or until the rents are sufficient to pay the debt; and in this respect it may be amended, and the omission supplied, by directing that if the rents of said three properties for two years should not be sufficient for that purpose, the commissioner shall offer them for three years, in the order of renting prescribed by the decree for two years, and on the same terms, the rents to be payable semi-annually; and then for four years, if the rents for three years be not sufficient; and finally, for five years, if the rents offered for four years be not sufficient to pay the debt—in which is included interest and costs. And if the rents for five years offered are not sufficient, to report the *125 fact to the court for further proceedings to be had in the cause.
The court is of opinion, therefore, with the foregoing interpretation of the decree, which is declared to be its true construction, and, as amended, in the manner and measure hereinbefore indicated, to affirm the same.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the decree of the circuit court, rightly construed, authorizes the commissioner to rent the lands mentioned in said decree for five years, if necessary to satisfy the appellee’s judgment and the costs, and they can be rented for enough for that purpose, but omits to prescribe the terms for which they shall be rented for three, four or five years, as may be necessary, in case the rents bid for two years, payable semi-annually, should not be sufficient for the purpose aforesaid ; which omission can be supplied by this court, and the decree amended, so as to require the commissioner, if the rent bid for two years should be insufficient for the purpose aforesaid, to offer the lands for rent for three years in the order of renting, and upon the terms of payment semi-annually prescribed by the decree for two years; and if the rents bid for three years be insufficient for the purpose aforesaid, that he offer the lands for four years, in the same order of renting and on the same terms; and if the rents bid for a term of four years be insufficient, that he offer them for five years in the same order of renting and on the same terms; and if at either offering the rents bid be sufficient to satisfy the judgment and the.costs of this proceeding, that he make no further offering, and close the contract of rent. But if the rents bid for a term of five years be insufficient to satisfy the judgment and costs aforesaid, that he report the fact to the court for further proceedings to *126 be had in the cause as the court shall determine to be right and proper. It is therefore adjudged, ordered and decreed the decree aforesaid, as thus construed and amended, be affirmed, and that the appellant pay to the appellee his costs expended in defending the appeal here; and the cause is remanded to the said circuit court for further proceedings to be had therein, in conformity with this order and the principles declared in the opinion filed in the record.
Decree amended and affirmed.